Littleton, Judge,
delivered the opinion of the court:
The facts established by the record with reference to the effect upon plaintiff’s land of the construction by the defendant of a levee known as the Wilson Point New Levee *165 at Bunches Bend in the State of Louisiana have been set forth in the findings and need not be repeated here. They establish, we think, that the construction of this levee to the 1928 grade and section did not constitute a taking of plaintiff’s property within the meaning of the Fifth Amendment. In the case of United States v. Sponenbarger et al., 308 U. S. 256, 265-267, 270, the court held that a general plan of flood control, such as that embraced in the Jadwin Plan, does not require the government under the Fifth Amendment to pay landowners for damages which may result from “conjectural major floods, even though the same floods and the same damages would occur had the Government undertaken no work of any kind”; that in “* * * undertaking to safeguard a large area from existing flood hazards, the Government does not owe compensation under the Fifth Amendment to every landowner which it fails to or cannot protect”; that “If major floods may sometime in the future overrun the river’s banks despite — not because of — the Government’s best efforts, the Government has not taken respondent’s property”; that “The Government has not subjected respondent’s land to any additional flooding, above what would occur if the Government had not acted”; and that “the Fifth Amendment does not make the Government an insurer that the evil of floods be stamped out universally before the evil can be attacked at all.” The court further held that “While this Court has found a taking when the Government directly subjected land to permanent intermittent floods to an owner’s damage, it has never held that the Government takes an owner’s land by a flood program that does little injury in comparison with far greater benefits conferred.”
In Danforth v. United States, 308 U. S. 271, 285, the court said: “A reduction or increase in the value of property may occur by reason of legislation for or the beginning or completion of a project. Such changes in value are incidents of ownership. They cannot be considered as a ‘taking’ in the constitutional sense.”
Applying the rule announced in the cases above mentioned, we think it is clear that there has been no taking of plaintiff’s property within the meaning of the Fifth Amend *166 ment, and that plaintiff is not entitled to recover. See Finding 9.
The petition must therefore be dismissed. It is so ordered.
Green, Judge; and Whaley, Chief Justice, concur.
Whitaker, Judge, took no part in the decision of this case.